IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03143-RPM-CBS

RICHARD L. GOCHA.

Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION (d/b/a AMTRAK),

Defendant.

## STIPULATED PROTECTIVE ORDER

Upon the parties' Stipulated Motion for Protective Order (Dkt. # 36 filed 5/13/2013),

**IT IS ORDERED:**

1.  In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in Paragraph 2). The Parties also anticipate seeking additional Confidential Information during discovery and expect that there will be questioning concerning such information in the course of depositions. The Parties agree and assert that the disclosure of confidential information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests, and/or the privacy interests of National Railroad Passenger Corporation's ("Amtrak's") current or former employees. The Parties have entered into this Protective Order and request that the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. Confidential Information means any document, file, portions of files, transcribed testimony or response to a discovery request (including any extract, abstract, chart, summary or note) containing information that could be construed as confidential, proprietary and/or private in nature and entitled to protection from disclosure pursuant to Fed. R. Civ. P. 26(c) or by law. Confidential Information may include the following categories of documents and information among others: (a) information that reveals trade secrets; (b) research, technical, commercial or financial information that the party has maintained as confidential; (c) medical information concerning any individual; (d) personal identity information, such as social security numbers; or (e) personnel or employment records of a person who is not a party to the case.  Information or documents that are available to the public may not be designated as Confidential Information.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request or identifying in the response that it is subject to this Protective Order; and

    c. With respect to transcribed testimony, by either stating on the record during the deposition/hearing that the testimony is "Confidential" and subject to the protective order or giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

    d. With respect to electronically stored information, by labeling each document or file produced as "Confidential" as a component of their Bates number designations.

  4. Any information designated by a Party as Confidential Information subject to this Protective Order will first be reviewed by an attorney for the Party who will confirm that the designation as confidential is based upon a good faith belief that the information is confidential or otherwise entitled to protection.

  5. Access to Confidential Information so designated as Confidential shall be limited to the Parties, as well as to the Court, any jury, or other trier or determiner of fact, mediators who have been mutually agreed upon by the Parties, counsel for the Parties (including paralegal, clerical, and secretarial staff employed by such counsel), court reporters employed in this action, and to the "qualified persons" defined as follows:

    a. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    b. vendors, such as copy and discovery database vendors, retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    c. witnesses at any deposition or other proceeding in this action;

    d. any other person as to whom the Parties agree in writing.

The individuals and entities described in sub-parts (a) – (d), above, shall have access to Confidential Information only after being informed of the provisions of this Protective Order and only after agreeing in writing to be bound by its terms by signing an agreement in the form of "Attachment A" to this Protective Order.

6. Individuals and entities permitted access under Paragraph 5, above, to Confidential Information, or parts thereof, designated Confidential, are hereby ordered: (i) not to show, convey or reproduce any documents so designated, or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual or to any entity who would not otherwise have access to said information or documents under the provisions of this Protective Order unless authorized to do so by Court order; and (ii) not to otherwise use Confidential Information for any purpose other than the prosecution, defense, discovery, mediation or settlement of this action.

7. If a Party or other person bound by this Order is served with a subpoena or order in other litigation that would compel disclosure of any Confidential Information, they must notify, in writing, the Party that designated the Confidential Information within three business days of receiving the subpoena or order. The notification must include a copy of the subpoena or order. The person or entity served with a subpoena or order must also immediately inform in writing the party who caused the subpoena or order to issue that some or all of the material covered is subject to this Order. The Party who designated the document as Confidential Information shall bear the burden and expense of seeking protection, and nothing in this Order should be construed as authorizing or encouraging a party to disobey a lawful directive from another court.

8. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2. Submission of any Confidential

Information to the Court under seal shall not otherwise relieve the Parties or their counsel of their obligations as described in this Protective Order.

9. If a deponent refuses to agree to the nondisclosure provisions of this Protective Order, disclosure of the Confidential Information during the deposition shall not constitute a waiver of confidentiality. Under such circumstances the witnesses shall have the opportunity to sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

10. The production of information subject to any privilege or work product immunity inadvertently, unintentionally, or without the consent of the Party to whom the privilege or immunity applies or the inadvertent failure to designate information as Confidential, will not be deemed to constitute a waiver of such privilege, immunity, rights, or any other privilege, immunity, or rights that would otherwise attach to such information. Any Party receiving inadvertently produced information will forthwith, upon request, return the original and all copies to the Party producing such information.

11. The Parties may designate any portion of a deposition or other discovery response as Confidential if the subject matter is deemed in good faith to be confidential or proprietary, including as described in Paragraph 2, above. Materials so designated shall be subject to the same confidentiality and notice requirements as documents designated pursuant to the above paragraphs and shall be filed under seal. The entire deposition or other discovery response may be filed under seal for the convenience of the Parties, but only the designated portions shall be deemed subject to the above confidentiality and notice requirements.

12. Nothing in this Protective Order shall be construed as limiting the Parties' rights to object to the disclosure of Confidential Information at the trial in this matter, or in discovery or litigation of this matter.

13. This Protective Order shall not be construed as a waiver of any right to object to the authenticity, admissibility or confidentiality of any evidence at trial nor shall it be construed as a waiver of any right to object to the furnishing of information in response to discovery.

14. This Protective Order is made without prejudice to the Parties' rights to designate as Confidential any additional documents or information that may be requested in the future. However, any such document or information will be so designated as Confidential.

15. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

16. In the event any person or Party shall violate or threaten to violate any term of this Protective Order, the Parties agree that either Party may immediately apply to obtain injunctive relief against any such person or Party violating or threatening to violate any terms of this Protective Order, and in the event either Party shall do so, the responding person or Party subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that either Party possesses an adequate remedy at law.

17. The terms of this Protective Order shall survive the final termination of this action and shall be binding on the Parties thereafter.

18. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information under this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

19. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order or dispose of it in a confidential manner.

20. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26 of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

21. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

This Protective Order shall be binding upon any future party to this litigation.

Dated: __*17 May 2013*_____   BY THE COURT:

s/_____
~~United States Judge~~
   Craig B. Shaffer
   United States Magistrate Judge

| | |
|---|---|
| DATED: this 13th day of May, 2013 | Respectfully Submitted, |
| ROBINSON & ASSOCIATES LAW OFFICES LLC | MORGAN, LEWIS & BOCKIUS LLP |
| By: _Jennifer C. Robinson_____ | By: __Ross H. Friedman_____ |
| Jennifer C. Robinson<br>Robinson & Associates Law Offices, LLC<br>7900 E. Union Avenue, #1100<br>Denver, CO 80237<br>Tel: 303-866-9794<br>jrobinson@raemploymentgroup<br><br>*Attorneys for Richard L. Gocha* | Ross H. Friedman<br>Emily A. Glunz<br>MORGAN, LEWIS & BOCKIUS LLP<br>77 W. Wacker Drive, 5th Floor<br>Chicago, IL  60601<br>Tel: 312.324.1000<br>Fax: 312.324.1001<br>rfriedman@morganlewis.com<br>eglunz@morganlewis.com<br><br>*Attorneys for National Railroad Passenger Corporation* |

# ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03143-RPM-CBS

RICHARD L. GOCHA.

Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION (d/b/a AMTRAK),

Defendant.

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

_____, swears or affirms under penalty of perjury:

1. I have read the Protective Order in *Gocha v. National Railroad Passenger Corporation* and understand the terms thereof.

2. I promise that I have not and will not divulge or undertake to divulge to any person or recording devise any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

3. For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

4. I will abide by the terms of the Stipulation and Protective Order.

Signature: _____

Print Name: _____

Address: _____

_____

_____

Telephone: (\_\_\_\_)_____