IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03143-RM-CBS

RICHARD L. GOCHA,
    Plaintiff,
v.

NATIONAL RAILROAD PASSENGER CORPORATION (d/b/a AMTRAK),
    Defendant.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) "Defendant's Motion to Dismiss Counts I and II of Plaintiff's Complaint" (filed January 14, 2013) (Doc. # 12), and (2) "Plaintiff's Motion for Judgment on the Pleadings or in the Alternative Motion for Summary Judgment" (filed January 22, 2013) (Doc. # 16). Pursuant to the Order of Reference dated March 5, 2013 (Doc. # 23) and the memorandum dated March 5, 2013 (Doc. # 24), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, Plaintiff's Response (filed January 22, 2013) (Doc. # 15), Defendant's Reply (filed February 5, 2013) (Doc. # 18), Defendant's Response (filed February 5, 2013) (Doc. # 19), Plaintiff's Reply (filed February 17, 2013) (Doc. # 20), the arguments presented at the hearing held on April 25, 2013 (*see* Courtroom Minutes/Minute Order (Doc. # 33)), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Proceeding through counsel, Mr. Gocha initiated this lawsuit on December 3, 2012, alleging jurisdiction based on 28 U.S.C. § 1331. Mr. Gocha "brings this action pursuant to Section 3 First of the Railway Labor Act ("RLA"), which grants aggrieved parties the right to seek to set aside and remand, in whole or part, a decision of an arbitral system board for 'failure to conform, or confine itself, to matters within the scope of the [board's] jurisdiction.' " (*See* Complaint (Doc. # 1) at 1 of 15 (citing 45 U.S.C. § 152 First (q)). Mr. Gocha's claims arose from his termination on March 26, 2010 for work violations and the Public Law Board's ("PLB's") subsequent decision to reinstate him

without backpay or benefits.

At all times relevant to the Complaint, Mr. Gocha was employed by Amtrak in Colorado. (*See* Doc. # 1 at ¶ 13). In May 2009 he served as Lead Service Attendant ("LSA") with Amtrak's Los Angeles On Board Services Crew Base. (*See id.* at ¶ 13). Mr. Gocha's responsibilities as LSA included accounting for an inventory list ("transfer out form") that tracks the sale of food and beverage items that coach passengers order while riding on the train. (*See* Doc. # 1 at ¶¶ 23-24). Amtrak's rules state "the LSA and Chef are responsible for ensuring that all paperwork and reports are complete and accurate before submitting to the crew base in the proper report envelope." (*See* Doc. # 1 at ¶ 48). Mr. Gocha was responsible to account for and to pay Amtrak the difference between the value of the stock at the beginning and the end of a trip. (*See id.*). Meals for sleeping car passengers are included in the cost of their tickets. (*See* Doc. # 1 at ¶ 25). LSAs and other crew members account for the meals of sleeping car passengers on the transfer out form by noting a credit for the meal. (*See id.*). Food and beverage items on the meal check of a sleeping car passenger reduced the amount of cash an LSA remitted to Amtrak at the end of a trip. Id. ¶ 25. Because LSA's were not "charged" for food given to sleeping car passengers, an LSA who falsely reported the sale of food to a sleeping car passenger could retain the monetary value of the charged item.

Amtrak hired Revenue Protection Consultants to ride its trains posing as sleeping car passengers and report their observations. (*See* Doc. # 1 at ¶ 29). On May 7, 2009 Kaye Stewart, a Revenue Protection Consultant, boarded the train in Los Angeles as a sleeping car passenger en route to Chicago. (*See* Doc. # 1 at ¶¶ 28-29). Ms. Stewart's job was to observe how the crew handled meal checks and dining room procedures. On May 8, 2009 Ms. Stewart alleged that she ordered an entrée salad and milk for her lunch meal. Her meal check reflected that she also ordered a cheesecake that she claimed she did not order. (*See id.* at ¶ 30). Also on May 8, 2009, Ms. Stewart alleged that she ordered a baked potato, vegetables and a glass of milk for her dinner. Her meal check reflected that she also ordered a steak that she claimed she did not order. (*See* Doc. # 1 at ¶ 31). Ms. Stewart alleged that one of the service attendants, Cynthia Johnson-Dempsey, took her lunch order and that Mr. Gocha took her dinner order. (*See id.* at ¶

32).  On or about May 15, 2009 Ms. Stewart turned in her report of the May 8, 2009 trip.  (*See* Doc. # 1 at ¶ 38).  She reported that she had not ordered the cheesecake for lunch on May 8, 2009 and that she had not ordered the steak for dinner on May 8, 2009.  Mr. Gocha was investigated for the May 8, 2009 incidents and ultimately found culpable of altering a sleeping car passenger meal check in order to reduce the amount of cash remitted to Amtrak at the end of a trip and retain the difference.  Amtrak terminated his employment on March 26, 2010.

A collective bargaining agreement ("CBA") covered many of the terms of Mr. Gocha's employment.  (*See* Agreement (Doc. # 1-2)).  "Section 3 of the RLA establishes a framework for resolving disputes between an employee and carrier over the interpretation of such agreements; first through the grievance procedure in the collective bargaining agreement, and then through mandatory arbitration before the National Railroad Adjustment Board or a special board of adjustment established by the railroad carrier and the union."  *Reed v. Norfolk Southern Ry. Co.*, No. 12 cv 873, 2013 WL 1791694, at * 2 (N.D. Ill. Apr. 26, 2013) (citing 45 U.S.C. § 153 First (i), Second, *Union Pac. R.R. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 72 (2009)).  Mr. Gocha appealed his termination before PLB No. 6896 – a Special Board of Adjustment – in accordance with the RLA.  (*See* Doc. # 1 at ¶ 52).  *See also Watts v. Union Pac. R. Co.*, 796 F.2d 1240, 1243 (10th Cir. 1986) ("Reinstatement actions are within the exclusive jurisdiction of the National Railroad Board or special boards of adjustment such as the Public Law Board in this case.").  On February 23, 2012, the PLB reinstated him without backpay.  (*See* Doc. # 1-1).  Mr. Gocha alleges three claims that: (1) the PLB exceeded its jurisdiction by denying him backpay and benefits, (2) the PLB was without jurisdiction to adjudicate the merits of the charges against him because they were not timely submitted, and (3) Amtrak discriminated against him on the basis of his race, in violation of 42 U.S.C. § 1981(a).  (*See* (Doc. # 1).  He seeks backpay and benefits, compensatory and punitive damages, attorney fees, costs, and pre- and post-judgment interest.  (*See* Doc. # 1 at 14 -15 of 15).

II.     Standard of Review

Defendant moves to dismiss Mr. Gocha's First and Second Claims for Relief pursuant to Fed.

R. Civ. P. 12(b)(1) and 12(b)(6).

> Rule 12(b)(1) empowers a court to dismiss a complaint for lack of jurisdiction over the subject matter. Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking. A Rule 12(b)(1) motion to dismiss must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction. The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

*Stine v. Wiley*, No. 07-cv-01250-WYD-KMT, 2008 WL 4277748, at * 3 (D. Colo. Sept. 16, 2008) (internal quotation marks and citations omitted).

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."

> Two recent decisions from the Supreme Court have clarified the analysis that the Court undertakes when reviewing a pleading under Rule 12(b)(6) standards. First, although detailed factual allegations are not required, a complaint must contain more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Rather, a complaint must have sufficient factual assertions to raise a right to relief above the speculative level. Second, because a court is not bound to accept as true a legal conclusion couched as a factual allegation, it must first identify and disregard averments that are no more than conclusions [which] are not entitled to the assumption of truth. A court then examines the remaining, well-pled factual allegations, assuming their veracity, and determine whether they plausibly give rise to an entitlement to relief.

*Schmaltz v. Zavaras*, No. 08-cv-00134-MSK-CBS, 2010 WL 466149, at * 2 (D. Colo. Feb. 7, 2010) (internal quotation marks and citations omitted).

Section 153 First (q) of the RLA allows for a limited judicial review of a labor board's ruling. The statute provides:

> On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order.

45 U.S.C. § 153 First (q). "Only upon one or more of these bases may a court set aside an order" of a labor board. *Union Pacific R.R. Co. v. Sheehan*, 439 U.S. 89, 91 (1978). The scope of judicial review of a labor board's decision "is among the narrowest known to the law." *Robinson v. Union Pacific Railroad*, 245 F.3d 1188, 1192 (10th Cir. 2001) (internal quotation marks and citation

4

omitted). *See also LB & B Associates, Inc. v. International Brotherhood Electrical Workers*, 461 F.3d 1195, 1197 (10th Cir. 2006) (arbitrator's discretion entitled to "profound deference") (internal quotation marks and citation omitted). "The federal courts do not sit as super arbitration tribunals in suits brought to enforce awards of [the PLB]. They may not substitute their judgments for those of the Board divisions. They need not inquire whether substantial evidence supports the Board's awards." *Diamond v. Terminal Ry. Ala. State Docks*, 421 F.2d 228, 233 (5th Cir. 1970); *cf. Loveless v. E. Air Lines, Inc.*, 681 F.2d 1272, 1276 (11th Cir. 1982) ("It is thus firmly established that courts will not review the substance of a labor arbitration award for ordinary error and that courts will not vacate an award because a judge might have reached a different result."). It is only when the arbitrator strays from interpretation and application of the agreement and effectively "dispense[s] his own brand of industrial justice" that his decision may be unenforceable. *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). The test "is not whether the reviewing court agrees with the Board's interpretation of the bargaining contract, but whether the remedy fashioned by the Board is rationally explainable as a logical means of furthering the aims of the contract." *Brotherhood of Railway, Airline & Steamship Clerks v. Kansas City Terminal Railway*, 587 F.2d 903, 906–07 (8th Cir.1978) (internal quotation marks and citation omitted). Even "improvident, . . . silly, factfinding" does not provide a basis for a reviewing court to refuse to enforce an arbitration award. *United Paperworkers Intern. Union, AFL–CIO v. Misco*, 484 U.S. 29, 39 (1987).

III.     Analysis

Mr. Gocha invokes the second prong of § 153 First (q), contending that the PLB exceeded the scope of its jurisdiction. Mr. Gocha alleges that the PLB exceeded its jurisdiction in two ways: (1) by failing to award him backpay, and (2) by even considering the merits, as Amtrak failed to comply with the CBA's time limits for initiating a discipline charge. (*See* Doc. # 1 at ¶¶ 62-69, 71-81). The PLB does not exceed its jurisdiction unless it fashions an award inconsistent with the terms of the CBA. *Robinson*, 245 F.3d at 1192-93. Even "ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not

a reason for refusing to enforce the award." *Air Line Pilots Ass'n v. Eastern Air Lines, Inc.*, 632 F.2d 1321, 1324 (5th Cir. 1980) (internal quotation marks and citation omitted).

A.   Failure to Award Backpay

The CBA provides:

> If the final decision is that the charges against the employee were not sustained, the record shall be cleared of the charge. If held out of service (suspended or dismissed), the employee shall be reinstated with all rights unimpaired and compensated for all time lost, less the amount earned while out of service.

(*See* Doc. # 1-2, Rule 19(l)). The PLB sustained in part and denied in part Mr. Gocha's claim, finding that:

> the record reveals that Claimant was found guilty as charged on less than solid evidence. The record indicates that other crewmembers could have made the marks on the receipts and meal checks that were suspicious.
> Based on the entire record, the Board concludes that sufficient probative evidence was not included in the record to support Claimant's dismissal from service. We find, however, that while Claimant should be returned to work with his seniority intact, he should receive no back pay or benefits.

(*See* Doc. # 1-1 at 2-3 of 3).

Mr. Gocha argues that the arbitrators exceeded their jurisdiction by "completely ignor[ing]" the terms of the CBA, in that "the CBA does not sanction disciplining an employee absent a finding of a rule violation or other misconduct" and the PLB "explicitly found . . . that the charges against Mr. Gocha were not sustained." (*See* Doc. # 15 at 7, 11of 16). However, the PLB's finding that "sufficient probative evidence was not included in the record to support Claimant's dismissal from service" is not equivalent to a finding that the charges against Mr. Gocha were not sustained. In fact, the PLB sustained in part and denied in part Mr. Gocha's claim. The PLB's findings that the evidence was insufficient to support Mr. Gocha's dismissal from service and that he should receive no backpay or benefits "are not mutually exclusive." *See Chevron Mining, Inc. v. United Mine Workers of America Local 1307*, 648 F.3d 1151, 1155 (10th Cir. 2011) ("the arbitrator's imposition of discipline was not inconsistent with the award of reinstatement; it was within the arbitrator's discretion to fashion an appropriate remedy given the circumstances."). The Tenth Circuit and other courts have upheld arbitration awards of reinstatement without backpay. In *Robinson*, the Tenth

Circuit upheld the PLB's award converting an employee's discharge to a suspension and denying back pay. 245 F.3d at 1193-94. In " 'the absence of language evidencing a clear intent to deny the arbitrator any latitude of judgment,' the arbitrator is the proper one to address the question of 'whether reinstatement with full pay represents the sole remedy for an employee who has suffered an injustice, or whether it merely marks the outer limits within which an arbitrator may fashion a remedy appropriate to the circumstances.' " *Robinson*, 245 F.3d at 1194 (quoting *Lynchburg Foundry Co. v. United Steelworkers of Am.*, 404 F.2d 259, 261 (4th Cir. 1968)). In *Eastern Air Lines, Inc.*, an Adjustment Board reinstated a pilot who had been fired for failing to meet flight proficiency standards. 632 F.2d at 1322. The Board did not find the pilot at fault, but awarded no lost pay or seniority rights. The district court vacated in part the Board's award and remanded in part. The Fifth Circuit held that the district court did not have the authority to evaluate the Board's decision on the merits or to remand to the Board due to ambiguity. *See id.* at 1323. Where "the Board fashioned a remedy which it considered appropriate: reinstatement without full benefits," there could "be no doubt that the Board acted within the ambit of its authority." 632 F.2d 1321, 1324 (5th Cir. 1980).

In *Walsh v. Union Pacific Railroad Co.*, the Eighth Circuit found the PLB's award reinstating a discharged employee without back pay to be "the Board's obviously well-considered attempt to balance the conduct of the parties in light of the terms of the existing labor contract." 803 F.2d 412, 414 (8th Cir. 1986). "When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations." *Id.* Likewise, in *Grimes v. Louisville & Nashville R. Co.*, the district court upheld a Board's award of reinstatement without back pay, concluding that "[w]hile the Board specifically found that Grimes should be disciplined, mitigating circumstances made dismissal excessive, and a lesser penalty appropriate." 583 F.Supp. 642, 651-52 (S.D. Ind. 1984).

> "[T]here is nothing at all inconsistent about an award of reinstatement without back pay . . . the Board's consideration was not confined solely to whether disciplinary action by the railroad was warranted, it extended also to determining the propriety of

7

>  the disciplinary action imposed. Quite obviously the Board here concluded that disciplinary action was warranted, but that complete dismissal was not. The refusal to award back pay amounts to a reduction of the penalty from dismissal to a period of suspension."

*Id.* at 652 (quoting *Rinker v. Penn Central Transportation Co.*, 350 F. Supp. 217 (E.D. Pa. 1972). *See also Brice v. Norfolk S. Ry. Co.*, 894 F.Supp. 323, 326 (E.D. Tenn. 1994) (finding that PLB award of reinstatement without back pay was based on a permissible reading of the collective bargaining agreement, as it could "be interpreted to mean that the board did not find that the plaintiff employees had been dismissed unjustly, in the sense of there not having been grounds for discipline, but only that the discipline imposed was too severe).

Mr. Gocha points to nothing in Rule 19 that expressly forbids the PLB from reinstating an employee without backpay or that requires an award of back pay as the sole remedy available to a reinstated employee. *See Robinson*, 245 F.3d at 1194 ("There is also nothing which forbids the Board from fashioning an appropriate remedy. Although the Board found that Mr. Robinson's discharge was unreasonable, it still found him to be at fault. Under these circumstances, we see no impediment in the collective bargaining agreement to the Board's award of a lengthy suspension."). It is not for the court to decide if the PLB's decision was correct; it is sufficient to say that in arriving at this conclusion, the PLB was interpreting the contract. *Lyons v. Norfolk & Western Railway Co*, 163 F.3d 466, 470 (7th Cir. 1999). The PLB award can reasonably be read as a determination that Mr. Gocha was at least partially culpable for his actions on May 8, 2009 and some sanction was appropriate. The court concludes that the PLB had authority to exercise its discretion in formulating a remedy, and the award drew its essence from the collective bargaining agreement. The PLB's award does not fail to "conform, or confine itself, to matters within the scope of the Board's jurisdiction," 45 U.S.C. § 153 First (q).

B.  Failure to Comply with CBA's Time Limits

Mr. Gocha next argues that the PLB was without jurisdiction to adjudicate the merits of his termination because he was not timely notified of the disciplinary charge against him within the time frame proscribed by the CBA. The CBA provides that a "letter of intent to impose discipline shall

not be issued to any employee for any offense of which the corporation has actual knowledge thirty (30) calendar days or more . . . ." (*See* Doc. # 1 at ¶ 74; Rule 19(b) (Doc. # 1-2 at 2 of 4). Mr. Gocha argues that Amtrak had "actual knowledge" upon Ms. Stewart's submission of her report, on May 15, 2009 and that charges were not brought until March 2010, ten months later. (*See* Doc. # 1 at ¶ 76).

In its findings, the PLB noted that its review of the record "reveals a number of issues that bear consideration. The Organization argues that the charges were not submitted in a timely manner." (*See* Doc. # 1-1 at 2 of 3). The PLB proceeded to sustain in part and deny in part Mr. Gocha's claim, returning him to work with his seniority intact without back pay or benefits. To the extent that Mr. Gocha argues that the PLB did not set forth the reasons for its award, it was not required to do so. *Sheldon v. Vermonty*, 269 F.3d 1202, 1027 n. 6 (10th Cir. 2001). "[I]n determining whether or not the arbitration award draws its essence from the CBA, a reviewing court looks to the award itself and not at every phrase contained in the arbitrator's opinion." *Chevron Mining, Inc.*, 648 F.3d at 1151 (internal quotation marks and citation omitted). "Although plaintiff may disagree that the evidence underlying the Board's decision is adequate, the sufficiency of the evidence comprising the foundation of the Board's decision is not reviewable. The Board's determination is conclusive." *Kansas City Southern Ry. Co. v. Brotherhood of Locomotive Engineers 7 Trainmen*, 419 F. Supp. 2d 1038, 1044 (C.D. Ill. 2006) (internal quotation marks and citation omitted). "[A]rbitrators are not required to provide an explanation for their decision." *Enterprise Wheel & Car*, 363 U.S. at 598.

The record shows that the PLB considered Mr. Gocha's timeliness argument. The PLB's rejection of Mr. Gocha's timeliness argument is implied by the fact that it expressly acknowledged the timeliness issue and proceeded to render a decision as to the merits of the termination decision. *See Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp*, 103 F.3d 9, 13 (2d Cir. 1997). "When arbitrators decline to provide an explanation for their decision, a reviewing court can only infer from the facts of the case whether the arbitrator[s] appreciate[d] the existence of a clearly governing legal principle . . . ." The PLB found in Mr. Gocha's favor, albeit not to the degree that he sought. That the PLB rejected Mr. Gocha's timeliness argument is evident in its ultimate award.

*See Air Methods Corp. v. Opeiu*, No. 11-cv-01570-RBJ-KMT, 2012 WL 44778810, at *7 (D. Col. Sept. 28, 2012) (that arbitrator followed the CBA "is evident in the Arbitrator's ultimate finding"). *See also Sheldon*, 269 F.3d 1202, 1207 n. 6 (court "must confirm" the arbitrator's "decision if a ground for the . . . decision can be inferred from the facts of the case") (internal quotation marks and citation omitted). The court can read the PLB award as consistent with the CBA, in that the PLB considered the issue and proceeded to decide the appropriate penalty. As the PLB was arguably construing the CBA, the court cannot conclude that the PLB exceeded its jurisdiction with respect to the time limits and PLB's award is properly upheld.

IV.     Conclusion

The challenged PLB award is not contrary to any express terms of the CBA, and is reasonably contemplated by the CBA. The PLB acted within the proper scope of its jurisdiction. Mr. Gocha's RLA claims fail to state claims upon which relief can be granted.

Accordingly, IT IS RECOMMENDED that:

1.     "Defendant's Motion to Dismiss Counts I and II of Plaintiff's Complaint" (filed January 14, 2013) (Doc. # 12) be GRANTED and the First and Second Claims for Relief be dismissed from this civil action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

2.     "Plaintiff's Motion for Judgment on the Pleadings or in the Alternative Motion for Summary Judgment" (filed January 22, 2013) (Doc. # 16) be DENIED.

3.     This civil action proceed on Plaintiff's Third Claim for Relief alleging violation of 42 U.S.C. § 1981.

---

[1] As the court did not consider any materials outside the Complaint and documents attached to it, Amtrak's Motion to Dismiss need not be converted to a motion for summary judgment.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 1st day of July, 2013.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge